BENNET G. KELLEY (SBN 177001)
Internet Law Center
100 Wilshire Blvd, Suite 950
Santa Monica, CA 90401
Telephone: (310) 452-0401
Facsimile (702) 924-8740
bkelley@internetlawcenter.net

CHRISTOPHER E. SEYMOUR (SBN 126330)
Kimble, MacMichael & Upton
5260 N. Palm, Ste. 221
Fresno, CA 93704
Telephone: (559) 436-3808
Fax: (559) 435-1500
cseymour@kmulaw.com

Attorneys for HOPSCOTCH ADOPTIONS, INC.
and ROBIN SIZEMORE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| HOPSCOTCH ADOPTIONS, INC. and ROBIN SIZEMORE<br><br>Plaintiffs<br><br>v.<br><br>VANESSA KACHADURIAN<br><br>Defendant. | Case No: 1:09-CV-02101-LJO-GSA<br><br>PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: N/A<br>Time: N/A<br>Courtroom: 4, Seventh Floor<br>Honorable Lawrence J. O'Neill |

Plaintiffs Hopscotch Adoptions, Inc. ("Hopscotch") and Robin Sizemore ("Sizemore") hereby make this ex parte application to this court for

APPLICATION FOR TRO
1

INTERNET LAW CENTER

1. An order restraining and enjoining Defendant Vanessa Kachadurian ("Kachadurian"):

   a. Further violating or otherwise frustrating the purpose 18 USC §§ 1030 et seq; 18 U.S.C. § 425(b)(1)(2); 42 U.S.C. § 1996b; or 42 U.S.C. §§ 14901 et seq;

   b. Posting or reposting false and defamatory statements about Plaintiffs and their officers, employees and agents ("Hopscotch Entities") and to take appropriate remedial measures with respect to postings still available on the Internet;

   c. Any further annoyance or harassment of any adoption service provider and/or from interfering with any adoption service providers on the basis of their race ace, color, religion, national origin, disability or sexual orientation;

   d. Misappropriating the name or likeness of any Hopscotch Entity or other adoption service provider;

   e. Otherwise engaging in acts of interference with any Hopscotch Entity or other adoption service provider;

2. An Order requiring Kachadurian to show cause why a preliminary injunction should not be entered against her restraining the same activities until judgment is entered into this case.

This relief is sought on an ex parte basis because of the incremental harm that would result to Plaintiffs during the additional period of time it would take to consider this request on a noticed basis.

INTERNETLAWCENTER

Notice of this application was <u>not</u> provided to Defendant due to her history of acting in retaliation and general erratic behavior and concern that she might attempt to destroy relevant evidence in this matter. (Kelley Decl. at ¶ 2.)

This application is based on the accompanying memorandum of points and authorities, the accompanying declarations of Robin Sizemore and Bennet G. Kelley, the complaint on file herein, and such other showing as may be made at any hearing on this application.

Respectfully submitted,

Dated: December 4, 2009.    INTERNET LAW CENTER

*/s/ Bennet G. Kelley*

Bennet G. Kelley
100 Wilshire Blvd, Suite 950
Santa Monica, CA 90401

*Of Counsel:*
Michael Garabedian
RAYANO & GARABEDIAN, P.C.
267 Carleton Avenue, Suite 222
Central Islip, New York 11722

Christopher E. Seymour
KIMBLE, MACMICHAEL & UPTON
5260 N. Palm, Ste. 221
Fresno, CA 93704

Attorneys for Plaintiffs
HOPSCOTCH ADOPTIONS, INC. and
ROBIN SIZEMORE

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Hopscotch Adoptions, Inc. ("Hopscotch") and Robin Sizemore ("Sizemore") submit this Memorandum of Points and Authorities in support of their application pursuant to Rule 65 of the Federal Rules of Civil Procedure ("FRCP") for (i) a temporary order restraining Defendant Vanessa Kachadurian ("Kachadurian") from further defaming and/or harassing Plaintiffs; and (ii) an order requiring Kachadurian to show cause why a preliminary injunction should not be entered against her restraining the same activities until judgment is entered into this case.

## INTRODUCTION

Plaintiff Hopscotch is a not-for-profit corporation duly organized and existing under the laws of the States of New York and North Carolina, having its principal place of business in High Point, North Carolina. Declaration of Robin Sizemore at ¶ 2. (hereinafter "Sizemore Decl.") Hopscotch is an accredited intercountry adoption agency under the Hague Convention on Protection of Children and Cooperation in Respect to Intercountry Adoption (as implemented by the "Intercountry Adoption Act of 2000", 42 U.S.C. §§ 14901 *et seq.)* ("Hague Convention"). Hopscotch was co-founded by Plaintiff Sizemore who also serves as its Executive Director.

Defendant Kachadurian is a resident of Fresno, California who has unsuccessfully pursued intercountry adoption since at least 2004 and has waged an ongoing cybersmear campaign against such agencies since at least 2005. Verified Complaint at ¶ ¶ 10-13. Since 2006, Kachadurian has included Hopscotch and Sizemore among the targets of her rage even though Kachadurian

has never been a client nor an applicant with Hopscotch, Sizemore or any entity affiliated with Sizemore. Sizemore Decl. at ¶ 2.

During this period Kachadurian repeatedly contacted current and prospective Hopscotch clients via blog postings and direct email contact and provided false and misleading information about Hopscotch and Sizemore. This includes the following statements made via email and various postings on blogs and internet chatrooms that:

(i) Hopscotch and Sizemore engage in illegal practices;

(ii) Sizemore was fired from her previous job with CAS;

(iii) Sizemore's firing was due to her engaging in such illegal or unethical practices; and/or

(iv) Sizemore's conduct is somehow connected with the arrest of Hopscotch's in-country facilitator in the Georgian republic.

*Id.* at ¶ 3. Kachadurian also has improperly made postings under the name of a Hopscotch employee in violation of the Computer Fraud and Abuse Act. *Id.* at ¶ 4.

Kachadurian's conduct continues in defiance of Plaintiffs' demand that she cease and desist from such unlawful behavior, with Kachadurian continuing to post defamatory statements and contact Hopscotch clients – with multiple occurrences in November 2009. *Id.* at ¶ 5. Kachadurian has caused irreparable harm to Plaintiffs' reputation and business, as during the course of 2009 Hopscotch became aware that Kachadurian's attacks were causing Hopscotch to lose business and creating hesitance among adoption seekers in doing business with Hopscotch. *Id.* at ¶ 6.

APPLICATION FOR TRO
5

INTERNET LAW CENTER

Kachadurian's conduct is part of a broader attack on international adoption service providers that began in 2005 and continues unabated. Verified Complaint at ¶¶ 11, 22-23. This includes taking retaliatory action against one adoption provider - Across The World Adoptions, Inc. ("ATWA") - that rejected her application, requiring ATWA to obtain a restraining order against Kachadurian. Kelley Decl. at ¶ 4.

## I. PLAINTIFFS MEET THE STANDARD FOR INJUNCTIVE RELIEF

To warrant injunctive relief, a plaintiff must demonstrate that it is (i) likely to succeed on the merits; (ii) likely to suffer irreparable harm absent interim relief; and (iii) that "the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). In doing so, courts "'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' " *Id*. at 376 (quoting *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987)).

### A. Plaintiffs' Are Likely to Succeed on the Merits

Plaintiffs assert claims against Kachadurian for (1) violations of the Computer Fraud and Abuse Act; (2) defamation; (3) negligent misrepresentation; (4) false light; (5) tortious interference with contractual relations; and (6) tortious interference with prospective advantage.

The Computer Fraud and Abuse Act provides penalties for a party who, with an intent to defraud, accesses without authorization a computer involved in interstate commerce to further this fraud. 18 U.S.C. §§ 1030 et seq. That is exactly what Kachadurian did when she fraudulently accessed a website involved in interstate commerce and used the name of a Hopscotch employee without

APPLICATION FOR TRO
6

INTERNET LAW CENTER

authorization to post false information on a website damaging Hopscotch. Verified Complaint at ¶ ¶ 26-29.

Under California law, defamation (or negligent misrepresentation) is the intentional (or negligent) "publication of a statement of fact that is false, unprivileged and has a tendency to injure or which causes special damages." *Smith v. Maldonado,* 72 Cal.App.4th 637, 645 (1999). Under the False Light tort it also extends to factual information presented in a manner to create an impression implying something highly offensive about a party that would have a tendency to and does in fact injure the party's reputation. *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1089 (9th Cir. 2002).

Kachadurian has made numerous malicious statements about Plaintiffs claiming that (i) Hopscotch and Sizemore engage in illegal practices; (ii) Sizemore was fired from her previous job with another adoption agency; and (iii) Sizemore's firing was due to her engaging in such illegal or unethical practices – all of which are absolutely false. Sizemore Decl. at ¶ 2 . Kachadurian also has repeatedly made posts about the arrest of Hopscotch's in-country facilitator in the Georgian Republic to falsely suggest that the arrest was somehow connected with Sizemore's conduct despite the fact that the arrest was politically motivated , no charges ever filed and the United States embassy in Georgia continues to approve her multi-entry visa to facilitate intercountry adoptions. *Id*. at ¶ 3. Kachadurian's repeated and continuing false statements about Plaintiffs were intended to and have caused Plaintiffs irreparable harm as a result. *Id*.

To state a cause of action for tortious interference with contracts or prospective advantage a party must show (i) a valid contract or prospective business relationship containing the probability of future economic rewards; (ii)

INTERNETLAWCENTER

which defendant had knowledge of; and (iii) acted intentionally and wrongfully in a manner to induce a breach or disruption of that relationship such that (iv) a breach occurred and (v) plaintiff suffered damage as a result. *PMC, Inc. v. Saban Entertainment, Inc.*, 45 Cal.App.4th 579, 602-603 (1996). This case is a textbook example of tortious interference as Kachadurian has contacted Hopscotch's clients for no other purpose than to induce them to breach, disrupt or cease their business relationship with Hopscotch through defamatory statements. *Id.* at 603 (wrongful conduct includes violations of federal or state law and defamation).

### B. Equity Requires That Kachadurian Be Enjoined

Kachadurian has been engaged in a four year cyberwar irreparably damaging legitimate adoption agencies through her repeated and ongoing cybersmears. Hopscotch has identified clients and potential clients who ceased doing business with Hopscotch because of Kachadurian's actions; and has found other potential clients to be hesitant because of her internet postings which continues unabated. Sizemore Decl. at ¶ ¶ 3-4. Plaintiffs have suffered and will continue to suffer irreparable harm if Kachadurian is not restrained by this Court. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001)(threatened loss of prospective customers and goodwill constitutes irreparable harm).

Interim relief is especially necessary to protect Hopscotch given the fact that the peak period for initial inquiries about adoption from potential adoptive parents is in the first few weeks immediately following the Christmas holidays and Kachadurian's past erratic behavior and history for retaliatory action. Sizemore Decl. at ¶ 3.

INTERNET LAW CENTER

In contrast, Kachadurian will suffer no harm as a result of any restraining order as it merely requires that she refrain from engaging in further unlawful activity.

Moreover, enjoining Kachadurian from further harassing any intercountry adoption agency as provided in the proposed Order serves the public interest since her continued assault on all international adoptions frustrates the intent of both the Interethnic Adoption Act (42 U.S.C. § 1996b) and the Intercountry Adoption Act of 2000 (42 U.S.C. § 14901). Verified Complaint at ¶ 24.

In addition, given the nature of the public interest involved, the fact that Hopscotch is a not-for-profit entity and the lack of harm to the Defendant, Hopscotch requests that the court impose no bond or a minimal bond should it grant Hopscotch's request for interim relief. *See City of South Pasadena v. Slater,* 56 F. Supp. 2d 1106, 1148 (C.D. Cal. 1999) ("[c]ourts routinely impose either no bond or a minimal bond in public interest" cases).

## CONCLUSION

Based on the foregoing and such further evidence as may be produced at the hearing on this matter, this Court should grant Plaintiffs' request for interim relief.

Respectfully submitted,

Dated: December 4, 2009.      INTERNET LAW CENTER

*/s/ Bennet G. Kelley*

Bennet G. Kelley
100 Wilshire Blvd, Suite 950
Santa Monica, CA 90401

APPLICATION FOR TRO
9

*Of Counsel:*
Michael Garabedian
RAYANO & GARABEDIAN, P.C.
267 Carleton Avenue, Suite 222
Central Islip, New York 11722

Christopher E. Seymour
KIMBLE, MACMICHAEL & UPTON
5260 N. Palm, Ste. 221
Fresno, CA 93704

Attorneys for Plaintiffs
HOPSCOTCH ADOPTIONS, INC. and
ROBIN SIZEMORE

1184100.00110213.000.doc

INTERNET LAW CENTER