IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPSCOTCH ADOPTIONS, INC., et al., | CASE NO. CV F 09-2101 LJO GSA |
| Plaintiffs, | **ORDER TO DENY EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY** |
| vs. | |
| VENESSA KACHADURIAN, | (Docs. 7, 9.) |
| Defendant. | |

**INTRODUCTION**

On an expedited, ex parte basis, plaintiffs Hopscotch Adoptions, Inc. ("Hopscotch") and Robin Sizemore ("Ms. Sizemore") seek: (1) a temporary restraining order to prohibit defendant Venessa Kachadurian's ("Ms. Kachadurian's") internet and related comments on Hopscotch and Ms. Sizemore (collectively "plaintiffs"); (2) an order to require Ms. Kachadurian to preserve all her computer files relating to international adoption and related services and to permit a third-party to obtain an electronic image of information on Ms. Kachadurian's computers; (3) an order for expedited subpoenas to internet service providers and websites regarding Ms. Kachadurian's alleged comments regarding plaintiffs; and (4) an order for an expedited subpoena to compel Across The World Adoption, Inc.'s ("ATWA's") documents and testimony at a preliminary injunction hearing. For the reasons discussed below, this Court DENIES without prejudice plaintiffs' requested relief.

# BACKGROUND

Hopscotch is an accredited intercountry adoption agency and was co-founded by Ms. Sizemore, its executive director. Ms. Kachadurian is a Fresno resident who, according to plaintiffs, "has unsuccessfully pursued intercountry adoption since at least 2004 and has waged an ongoing cybersmear campaign against such agencies since at least 2005." Ms. Kachadurian has been neither a Hopscotch client nor an applicant with plaintiffs or an entity affiliated with Ms. Sizemore.

Plaintiffs attribute to Ms. Kachadurian comments in email, blogs and internet chatrooms that plaintiffs engaged in illegal practices and that Ms. Sizemore was fired from a prior adoption agency job for illegal or unethical practices. Plaintiffs further attribute Ms. Kachadurian to improperly claim that Ms. Sizemore is connected with the arrest of Hopscotch's in-county facilitator in the Georgia republic. Plaintiffs claim "irreparable harm" in lost business and "hesitance among adoption seekers in doing business with Hopscotch."

Plaintiffs' complaint alleges claims for violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, et seq., defamation, negligent misrepresentation, false light, tortious interference with contractual relations, and negligent interference with prospective advantage.

# DISCUSSION

The legal principles applicable to a request for preliminary injunctive relief or a temporary restraining order are well established. To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). Plaintiffs need not show positively that they will prevail on the merits. A reasonable probability of success, not an overwhelming likelihood, is all that need be shown for preliminary injunctive relief. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991); *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003) ("Our court also uses an alternative test that requires the applicant to demonstrate either: a combination of probable success on the merits and the possibility of irreparable injury; or serious questions going to the merits and that the balance of hardships tips sharply in the applicant's favor.")

The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. *Oakland Tribune*, 762 F.2d at 1376. "Under either formulation of the test [for injunctive relief], plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune*, 762 F.2d at 1376.

Plaintiffs claim irreparable injury based on clients and potential clients "who ceased doing business with Hopscotch because of Kachadurian's actions" and who are "hesitant." Plaintiffs fail to further define their alleged irreparable injury despite the complaint's allegation that "[s]ince 2006, Kachadurian has included Hopscotch among the targets of her rage." Plaintiffs fail to enumerate lost or hesitant clients. The gist of plaintiffs' position is that Ms. Kachadurian has castigated ATWA and does the same to plaintiffs. However, plaintiffs lack direct client or business dealings with Ms. Kachadurian.

Plaintiffs must demonstrate potential harm which cannot be redressed by a legal or equitable remedy following trial. The injunctive relief must be the only way of protecting the plaintiff from such harm. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3rd Cir. 1992). Injunctive relief will not be granted where irreparable harm is not shown. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 375–376 (2008).

A potential, temporary deprivation of employment does not inflict irreparable injury, and therefore does not justify injunctive relief. *See Sampson v. Murray*, 415 U.S. 61, 89-92, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974); *see also Shegog v. Board of Educ. of City of Chicago*, 194 F.3d 836, 839 (7th Cir. 1999) (no irreparable injury shown where the only injury in a case is financial); *EEOC v. Pacific Press Publishing Association*, 535 F.2d 1182, 1187 (9th Cir.1976) (under *Sampson* a private litigant does have some burden of showing irreparable harm.)

Here, plaintiffs' alleged harm is compensable by monetary damages, and the complaint's tort claims demonstrate as much. Unearned fees from lost clients or opportunities is subject to calculation. Moreover, this Court is concerned about free speech issues, especially given plaintiffs' reliance on apparent limited, stray comments by Ms. Kachadurian. This Court is perplexed by the overreaching injunctive relief sought by plaintiffs and inability to police or enforce such relief. Although plaintiffs

identify finite, limited comments by Ms. Kachadurian, they seek sweeping injunctive relief touching on areas irrelevant and remote to plaintiffs' claim. The scope of plaintiffs' proposed injunctive relief is unreasonable and unacceptable.

In addition, plaintiffs seek to impose expedited, heavy-handed discovery on Ms. Kachadurian based on mere supposition of a danger of destruction or deletion of potential evidence. Plaintiffs offer no concrete support of such danger and rely on painting Ms. Kachadurian as a lunatic capable of evidence destruction and deletion in the absence of identifiable irreparable harm or good cause for expedited discovery. Like their requested temporary restraining order, plaintiffs' requested expedited discovery is overbroad, unreasonable and unacceptable without a connection to identifiable need. Ms. Kachadurian's alleged attacks on ATWA is not directly relevant to plaintiffs' requested relief.

## **CONCLUSION AND ORDER**

This Court does not grant overreaching injunctive and discovery relief on an ex parte, unnoticed basis, especially when such requested relief lacks defined, adequate support. Although plaintiffs may have meritorious claims for monetary damages, this Court is concerned that plaintiffs pursue their requested relief to retaliate and intimidate. As such and for the reasons discussed above, this Court DENIES without prejudice plaintiffs' requested temporary restraining order and expedited discovery.

IT IS SO ORDERED.

**Dated:  December 7, 2009**        **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE