# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPSCOTCH ADOPTIONS, INC., and ROBIN SIZEMORE,<br><br>Plaintiffs,<br><br>v.<br><br>VANESSA KACHADURIAN,<br><br>Defendant. | 1:09-cv-02101 LJO GSA<br><br>**ORDER TO PLAINTIFF REGARDING "MOTION AND DECLARATION TO VACATE JUDGMENT" FILED AUGUST 5, 2010**<br><br>(Documents 44-48) |

On December 2, 2009, Plaintiffs Hopscotch Adoptions, Inc. and Robin Sizemore filed the complaint in this action. (Doc. 1.) On February 22, 2010, the Clerk of the Court entered default as to Defendant Vanessa Kachudurian for her failure to appear, plead or answer Plaintiffs' complaint. (Doc. 20.) Thereafter, on June 29, 2010, Plaintiffs moved for default judgment against Defendant. (Docs. 23-24.)

On August 6, 2010, this Court held a hearing on Plaintiffs' motion for default judgment. Counsel for Plaintiffs Bennet G. Kelley and Christopher E. Seymour personally appeared; Defendant personally appeared pro se. (Doc. 49.) During the hearing, Defendant advised the

1

Court she had filed pleadings to set aside the default, however, the documents had not yet been entered onto the Court's electronic docketing system ("CM/ECF").  Accordingly, the hearing on Plaintiffs' motion was continued to September 17, 2010, at 9:30 a.m., and Defendant's motion, if filed, was to be heard that same date.  (Doc. 49.)

Later that same date, Defendant's motion was in fact entered into the CM/ECF system. (*See* Docs. 44-49.)  This Court has now had an opportunity to review Defendant's motion and advises Defendant as to its deficiencies, in light of her pro se status.[1]

As Defendant was previously advised (*see* Doc. 42), Rule 55 of the Federal Rules of Civil Procedure provides a mechanism to set aside a default, such as the one entered here by the Clerk on February 22, 2010.[2]  The rule states, in pertinent part: "**(c) Setting Aside a Default or a Default Judgment**. [¶]  The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Thus, in order to set aside the default entered against her on February 22, 2010, Defendant must show "good cause" for her failure to respond to the summons and complaint.

Because of the parallels that exist between granting relief from entry of default and judgment on default, a court should consider the list of the factors used to set aside a default judgment under Rule 60.  *Hawaii v. Carpenter's Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (citing 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2697 (1983); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (explaining that the same factors that constitute "good cause" under Rule 55(c) govern the lifting of default judgments under Rule 60(b)).

---

[1] Defendant was advised during the August 6 hearing that Plaintiffs' complaint contained serious allegations and that it may be wise for Defendant to consider retaining counsel to assist her in the defense of the action.

[2] To be clear, default *judgment* has not yet been entered against Defendant.  The Court will consider entering default judgment, as requested by Plaintiffs', at the hearing scheduled for September 17, 2010.

Rule 60(b) of the Federal Rules of Civil Procedure grants district courts discretion to relieve a party from a default judgment or order for reason of mistake, inadvertence, surprise or excusable neglect.  When a default is challenged on the grounds of excusable neglect, three factors inform the court's exercise of discretion: (1) whether there was some culpable conduct by a defendant which led to the default; (2) whether a plaintiff would be unduly prejudiced by a set-aside, and (3) whether a defendant can present a meritorious defense to a claim.  *TCI Group Life Insurance Plan v, Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).

In the documents filed August 5, 2010, Defendant cites to the California Code of Civil Procedure section 473 in support of her motion.  However, the Federal Rules of Civil Procedure apply to this action, rather than California state procedural rules.  Moreover, while Defendant references surprise, mistake and excusable neglect, she does not offer any explanation for her failure to respond to the summons and complaint.[3]

Rule 4(e) of the Federal Rules of Civil Procedure provides that state law regarding service may be followed to serve a summons and complaint.  Defendant does claim the service of process was improper (Docs. 44 & 45), yet substitute service of process is permissible in California.  *See* Cal. C.C.P. § 415.20; *see also* Doc. 20 ("it appearing defendant having been duly served with process as appears from the record and papers on file herein").  Moreover, whether or not service was properly effected, Defendant fails to indicate when she became aware of the legal action.  Defendant's declaration indicates that "Default Judgment paperwork arrived by mail and [was] received 7/2/2010" (Doc. 48, ¶ 9); additional dates are also referenced.  However,

---

[3] Two supplemental documents - the declarations of Cynthia Allen Schenk and Ripseme Toumanyan - were filed in support of Defendant's motion. (Docs. 46-47.)  These declarations however do not offer any information relevant to whether or not the default entered February 22, 2010, should be set aside.  Instead, the declarations speak to Defendant's character which is not a factor considered by the court in this motion.

1 the information provided does not explain how or when Defendant became aware that an action
2 had been filed against her.
3     Accordingly, Defendant shall file supplemental points and authorities addressing the
4 deficiencies identified herein.  The pleading shall specifically identify the date upon which
5 Defendant learned of Plaintiffs' complaint and shall also address what action or actions
6 Defendant took thereafter.  If Defendant intends to challenge the propriety of the service of
7 process, she shall provide the relevant facts and supporting legal authority in support of the
8 assertion.  **Defendant shall file the supplemental pleading no later than September 3, 2010.**
9 **Plaintiffs' opposition, if any, shall be filed no later than September 10, 2010**.
10    IT IS SO ORDERED.
11    Dated:   **August 17, 2010**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE