UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HOPSCOTCH ADOPTIONS, et al.,

Plaintiffs,

v.

VANESSA KACHADURIAN,

Defendant.

_________________________________/

CASE NO. 1:09-cv-2101-LJO-MJS

ORDER GRANTING MOTION TO SET ASIDE THE ENTRY OF DEFAULT

(ECF No. 53)

In this action, Plaintiffs Hopscotch Adoptions and Robin Sizemore (collectively "Plaintiffs") bring a claim against Defendant Vanessa Kachadurian for violating the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq*., by allegedly making false and inflammatory comments about Plaintiffs on various blogs and web sites. Plaintiffs also bring state law causes of action for defamation, negligent misrepresentation, false light, tortious interference with contractual relations, and negligent interference with a prospective business advantage. (ECF No. 1.)

The Clerk entered default against Defendant on February 22, 2010. Before the Court is Defendant's "Motion and Declaration to Vacate Judgment-Supplemental Pleading" asking the Court to "vacate judgment under Rule 4 and Rule 55 of the Federal Rules of Civil Procedure". The Court construes this as a motion to set aside the entry of default. For the reasons discussed below, Defendant's motion will be GRANTED.

## I. BACKGROUND

Plaintiffs filed this action on December 2, 2009 and a summons was issued for

Defendant Kachadurian the following day. (ECF Nos. 1 & 6.) A process server attempted to serve Defendant with the summons at her home at 8665 N. Cedar # 109, Fresno, California on at least five occasions in late December 2009 and early January 2010. (ECF No. 19-1 at 6.) Defendant has lived at this address since 2002. (ECF No. 53.) After these attempts failed, the process server obtained a new address for Defendant of 7684 N. 6th St., Fresno, California, which is Defendant's parent's home. The United States Postal Service confirmed that Defendant Kachadurian received mail at her parent's home. (Id. at 10.)

On January 6, 2010, when the process server went to 7684 N. 6th Street, Defendant's father, Vern Kachadurian, answered the door. The process server gave Vern Kachadurian a copy of the summons. (Id. at 6.) The process server then mailed a copy of the summons to 7684 N. 6th Street by certified mail on January 11, 2010. (ECF No. 19-1 at 2.)

On February 17, 2010, Plaintiffs moved for entry of default. (ECF No. 19.) The Clerk entered default against Defendant on February 22, 2010. (ECF No. 20.) On June 29, 2010, Plaintiffs filed their application for default judgment; the motion was initially scheduled to be heard on July 30, 2010. (ECF No. 23.) Due to the unavailability of the Court, the hearing was continued until August 6, 2010. (ECF No. 35.)

On July 22, 2010, Defendant, appearing *pro se*, filed a 118-page answer to Plaintiffs' complaint. (ECF No. 41.) The Court ordered that Defendant's answer be stricken because the Clerk had already entered default against Defendant. (ECF No. 42.) The Court informed Plaintiff that she needed to move to set aside the default before she could make any filings in the case. (Id.) Defendant then filed a Motion and Declaration to Vacate Judgment. (ECF No. 44.) The Court reviewed Defendant's Motion and, finding it deficient, informed Defendant of the relevant legal standards for a motion to set aside default and gave Defendant the opportunity to cure the deficiencies in her Motion. (ECF No. 50.)

Before the Court is Defendant's September 8, 2010 Motion and Declaration to

Vacate Judgment-Supplemental Pleading.[1] (ECF No. 53.) Plaintiffs filed their opposition on September 24, 2010. (ECF Nos. 62-70.) The Court took the matter under submission without argument from the parties. (ECF No. 75.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In considering whether there is "good cause" to set aside the entry of default, the Court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense to the underlying action; and (3) whether setting aside the entry of default would prejudice the plaintiff. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). The Court has discretion to determine whether good cause has been shown, see Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986), and that discretion is particularly generous where the motion seeks to set aside entry of default, rather than default judgment. United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) (hereafter "Mesle"). Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974).

## III. ANALYSIS

The Court will address each of the good cause factors in turn below.

### A. Whether the Default is the Result of Defendant's Culpable Conduct

A defendant's conduct is culpable for purposes of Rule 55(c) "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir. 2001).

Defendant argues that she did not file a timely answer in this case because she was not properly served. She declares that she was unaware of this action until she called her

[1] The Court notes that this Motion was filed under seal because Defendant had included identifying information that the Court did not feel should be publically accessible. The Court will refrain from including any such information in its Order, and thus will not file the instant Order under seal.

parents in May 2010, three months after default was entered against her. On the other hand, Plaintiffs contend that circumstantial evidence shows that Defendant had knowledge of this action well in advance of the entry of default and consciously chose to avoid defending this case.

It is undisputed that Defendant was not personally served in this case; she was served[2] via substitute service by delivering a copy of the summons to her parent's house. Assuming Defendant was aware of the action in advance of her deadline to respond, there is no dispute that she believed (and still believes) that she had not been properly served. Regardless of a party's actual notice of the pendency of an action, a court has no jurisdiction over a defendant where there is not "substantial compliance" with the service requirements of Rule 4. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'") (quoting Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)).

Although the Court believes that there was substantial compliance with Rule 4 in this case, the method of service utilized in this case is not common and the Court would not expect someone untrained in the law to be aware that substitute service was sufficient to establish jurisdiction over an individual. While it may have been more prudent for Defendant to appear in this action and file a motion challenging the sufficiency of the service rather than simply not answering the allegations against her, the Court is mindful of Defendant's *pro se* status. See TCI Group, 244 F.3d at 699 n.6 ("[W]e have tended to consider the defaulting party's general familiarity with legal processes or consultation with lawyers at the time of the default as pertinent to the determination whether the party's conduct in failing to respond to legal process was deliberate, willful or in bad faith.") Given Defendant's unfamiliarity with the legal process, the Court finds that Defendant's belief that

---

[2] Because it is not necessary for resolution of the instant motion, and because there are numerous issues that would require extensive fact-finding to resolve, the Court will not delve into whether service was properly effectuated in this case. The Court assumes for purposes of the instant motion that Defendant was properly served via substitute service.

she had not been properly served is an explanation that is inconsistent with a "devious, deliberate, willful, or bad faith failure to respond." See Gregorian v. Izvestia, 871 F.2d 1515, 1522 (9th Cir. 1989) (finding that defendants were not culpable where their failure to respond was due to a misunderstanding of legal principles governing the case). Defendant has therefore shown that her failure to timely appear and defend against this action was not the result of culpable conduct on her part.

**B. Valid Defense**

To satisfy the "meritorious defense" prong, a defendant must "present specific facts that would constitute a defense." Mesle, 615 F.3d at 1094. Because the Court must accept defendant's facts as true, this is a minimal burden and the only issue is whether such facts *could* constitute a meritorious defense. Id. (emphasis added).

Plaintiffs bring five state law claims arising out of Defendant's allegedly false and inflammatory comments posted on various web sites. Defendant contends that she could invoke California's anti-SLAPP[3] law, Cal. Civ. Proc. Code § 425.16, as a defense. The anti-SLAPP law provides a special procedure for striking claims bought against an individual that "aris[e] from any of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue."[4] Cal. Civ. Proc. Code § 425.16(b)(1). This law protects "any written statement made in a place open to the public or a public forum in connection with an issue of public interest." Id. at 425.16(e). Publicly available web sites are public forums for the purposes of the anti-SLAPP laws. Barrett v. Rosenthal, 40 Cal.4th 33, 41 n.4 (2006).

Plaintiffs are in the business of arranging international adoptions. Criticism of their business practices could therefore be a matter of public interest. See Hailstone v.

---

[3] SLAPP is an abbreviation for Strategic Lawsuits Against Public Participation.

[4] California's anti-SLAPP laws are applicable to state law claims brought in federal court. See United States v. Lockheed Missiles and Space Co., Inc., 171 F.3d 1208 (9th Cir. 1999); Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F.Supp.2d 1127, 1129-30 (N.D. Ca. 1999).

Martinez, 169 Cal.App.4th 728, 736-73 (5th Dist. 2008) (the term "public interest" is broadly construed); Traditional Cat Ass'n, Inc. v. Glibreath, 13 Cal.Rptr. 353, 356 (Cal.App. 2004) (statements concerning dispute amongst different factions of cat breeders were matters of public interest because they "concerned matters of public interest in the cat breeding community."). Assuming the websites where these comments were made are publicly available, it appears that California's anti-SLAPP laws could provide a meritorious defense to the state law claims against Defendant.

Plaintiffs also allege that Defendant's actions caused them to suffer "actual damage to their reputation and business" in the way of lost clients and injury to their reputation. (ECF No. 1.) Defendant claims that Plaintiffs cannot show damages because they accumulated higher profits in the year following the allegedly defamatory comments. Supporting this contention, Defendant includes Plaintiffs' public tax returns showing that their total revenue increased from 2008 to 2009. (ECF No. 71 at 10.) Although Plaintiffs may be able to show a loss of income in another manner, the Court finds that these tax returns meet Defendant's burden of presenting specific facts that *could* constitute a meritorious defense.

**C. Prejudice to Plaintiff**

"To be prejudicial, the setting aside of [the entry of default] must result in greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701. The standard is whether the plaintiff's "ability to pursue his case will be hindered." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Defendant fails to address the prejudice prong in her moving papers. Plaintiffs, who are represented by counsel, have also failed to address whether they will suffer any prejudice if default is set aside. Though Defendant bears the burden in this case, the Court is mindful that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. Ultimately, there is no evidence in the record that

////

////

Plaintiffs would be prejudiced by setting aside the default. Accordingly, the Court finds that Defendant's failure to address the prejudice issue should not be fatal to her motion.

## IV. CONCLUSION

The Court finds that the three "good cause" factors weigh in favor of setting aside default in this case. Accordingly, Defendant's motion to set aside the entry of default is GRANTED.

IT IS SO ORDERED.

Dated: November 12, 2010

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE