IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPSCOTCH ADOPTIONS, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> VANESSA KACHADURIAN, <br><br> Defendant. | CASE NO. CV F 09-2101 LJO MJS <br><br> **ORDER ON DEFENDANT'S F.R.Civ.P. 4(m) MOTION TO DISMISS** <br> (Doc. 84.) |

**INTRODUCTION**

Pro se defendant Venessa Kachadurian ("Ms. Kachadurian") seeks to dismiss this action based on her claim that plaintiffs Hopscotch Adoptions, Inc. and Robin Sizemore (collectively "plaintiffs") failed to serve her with a summons and complaint within 120 days to comply with F.R.Civ.P. 4(m). This Court DENIES Ms. Kachadurian's F.R.Civ.P. 4(m) motion to dismiss.

**BACKGROUND**

On December 9, 2009, plaintiff filed this action to pursue defamation and related claims arising from Ms. Kachadurian's alleged comments in email, blogs and internet chatrooms that plaintiffs engaged in illegal practices in their international adoption services. In late December 2009 and early January 2010, a process server made no fewer than five attempts to serve Ms. Kachadurian with process at her residence which she has had since 2002. The process server obtained a new address, the home of Ms. Kachadurian's parents. The U.S. Postal Service confirmed that Ms. Kachadurian received mail at her

1

1  parent's home.

2  On January 6, 2010, the process server went to the home of Ms. Kachadurian's father and gave
3  him a copy of the summons and complaint. On January 11, 2010, the process server mailed by certified
4  mail a copy of the summons and complaint to the home of Ms. Kachadurian's parents.

5  On February 22, 2010, default was entered against Ms. Kachadurian. By a November 15, 2010
6  order, default was set aside. A scheduling conference is set for January 6, 2011.

7  On December 15, 2010, Ms. Kachadurian filed her motion for F.R.Civ.P. 4(m) dismissal in that
8  plaintiffs "had ample opportunity to properly serve the Defendant within 120 days" and "failed to do so."

## DISCUSSION

### The 120-Day Limit

11  F.R.Civ.P. 4(m) addresses the time limit for service and provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

15  F.R.Civ.P. 4(m) "encourages efficient litigation by minimizing the time between commencement of an
16  action and service of process." *Electric Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309,
17  311 (9th Cir. 1992) (addressing former F.R.Civ.P. 4(j)).

18  A court's preliminary inquiry under F.R.Civ.P. 4(m) is whether plaintiff has shown good cause
19  to effect service timely. If good cause is shown, the plaintiff is entitled to a mandatory extension. If the
20  plaintiff fails to show good cause, the court must still consider whether a permissive extension is
21  warranted. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "At that point the district court
22  may in its discretion either dismiss the case without prejudice or extend the time for service." *Espinoza*,
23  52 F.3d at 841; *see also Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995). "[A]
24  plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a
25  permissible extension of time within the district court's discretion." *Espinoza*, 52 F.3d at 841; *see also*
26  *Petrucelli*, 46 F.3d at 1305.

27  "[C]ourts have been accorded discretion to enlarge the 120-day period 'even if there is no good
28  cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662, 116 S.Ct. 1638 (1996) (citing Advisory

Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C. App., p. 654.)  "[T]he 120-day provision operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson*, 517 U.S. at 661, 116 S.Ct. 1638.

The good cause determination depends upon whether plaintiff made a reasonable effort to effect service and whether the defendant was prejudiced by the failure to serve. *Gordon v. Hunt*, 116 F.R.D. 313, 320 (S.D.N.Y.), *aff'd*, 835 F.2d 452 (2d Cir.1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1734 (1988). "Good cause" for delay longer than 120 days generally means that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control. *Mateo v. M/S Kiso*, 805 F.Supp. 792, 795 (N.D. Cal. 1992).

The "plain language" of F.R.Civ.P. 4(m) "broadens the district court's discretion by allowing it to extend time for service even when plaintiff has not shown good cause." *Espinoza*, 52 F.3d at 840-841; *see also Petrucelli*, 46 F.3d at 1305. The Advisory Committee note for F.R.Civ.P. 4(m) is instructive:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

F.R.Civ.P. 4(m) Advisory Committee Note (1993).

An important consideration is whether service was eventually accomplished, and if so, how long after the 120-day time period. *Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 666 (D. Vt. 1996); *see Bd. of Trustees of Trucking Employees v. Canny*, 876 F.Supp. 14, 16 (N.D.N.Y.1995) (court exercised discretion to allow service two days after the 120-day time limit).  In *Tyson v. City of Sunnyvale,* 159 F.R.D. 528, 530 (N.D. Cal. 1995), the court found service 121 days after filing of the complaint constituted "substantial compliance" with F.R.Civ.P. 4(m) and even if "plaintiffs cannot show good cause, the Court may within its discretion extend the service rather than dismiss the action."

Another important consideration is whether the statute of limitations has expired, thereby barring the plaintiff from refiling the complaint. *Goodstein*, 167 F.R.D. at 666; Fed.R.Civ.P. 4(m) Advisory Committee Notes (1993 Amendment). "Relief may be justified, for example, if the applicable statute

of limitations would bar the refiled action." F.R.Civ.P. 4(m) Advisory Committee Note (1993). "District courts have consistently interpreted Rule 4(m) in the same way, treating the running of the statute of limitations as a factor favoring the plaintiff and not as a basis for potential prejudice to the defendant." *Boley v. Kaymark*, 123 F.3d 756, 759 (3rd 1997), *cert. denied*, 522 U.S. 1109, 118 S.Ct. 1038 (1998). "Dismissal without prejudice does not mean 'without consequence' . . . If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (internal quotes omitted).

The premise of Ms. Kachadurian's motion is that plaintiffs did not timely serve her with the summons and complaint. The record does not support such premise. The order setting aside default commented:

> Although the Court believes that there was substantial compliance with Rule 4 in this case, the method of service utilized is not common and the Court would not expect someone untrained in the law to be aware that substitute service was sufficient to establish jurisdiction.

The parties and this Court have proceeded as if service as accomplished in January 2010, well within F.R.Civ.P. 4(m)'s 120 days. Ms. Kachadurian fails to demonstrate ineffective service or prejudice to her. Even assuming a serious question as to effective service, the record reflects plaintiffs' good cause to attempt service. The process server made multiple attempts to serve Ms. Kachadurian at her home. The U.S. Postal Service confirmed that Ms. Kachadurian received mail at her parents' home. As between an extension to serve and dismissal, this Court's first option is to provide an extension to accomplish service, not dismissal. Moreover, statute of limitations concerns militate against dismissal. In sum, the parties have appeared in this action which is ready to be scheduled. Ms. Kachadurian's requested dismissal would serve only to delay resolution of plaintiffs' claims.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Ms. Kachadurian's motion to dismiss.

IT IS SO ORDERED.

**Dated:   December 20, 2010**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE