IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPSCOTCH ADOPTIONS, INC., et al., | CASE NO. CV F 09-2101 LJO MJS |
| Plaintiffs, | **ORDER TO DENY RECONSIDERATION** (Doc. 86.) |
| vs. | |
| VANESSA KACHADURIAN, | |
| Defendant. | |

Pro se plaintiff Vanessa Kachadurian ("Ms. Kachadurian") seeks reconsideration of denial to dismiss this action based on her claim that plaintiffs Hopscotch Adoptions, Inc. and Robin Sizemore (collectively "plaintiffs") failed to serve her with a summons and complaint within 120 days to comply with F.R.Civ.P. 4(m). This Court DENIES Ms. Kachadurian reconsideration.

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the

merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Ms. Kachadurian appears to claim that this Court erred in denying dismissal of this action in that

this Court misunderstood the process server's statement "regarding the substitute service." According to Ms. Kachadurian, the key issue is whether she received mail at her parents' residence, where plaintiffs claim substituted service was accomplished. Ms. Kachadurian takes issue whether the U.S. Postal Service confirmed that she received mail at her parents' residence. Ms. Kachadurian has failed to challenge meaningfully the U.S. Postal Service's confirmation that she received mail at her parents' residence and in turn plaintiffs' substitute service on her at that address. Ms. Kachadurian presents no new credible, meaningful evidence or law to support reconsideration, and the gist of her papers is to nit pick inconsequential process server error.

In conclusion, this Court DENIES Ms. Kachadurian reconsideration. This Court encourages Ms. Kachadurian to devote her efforts to defend the merits of plaintiffs' claims.

IT IS SO ORDERED.

**Dated:   January 4, 2011**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE