1

2

3

4

5

6

7

8

9

10         **IN THE UNITED STATES DISTRICT COURT**

11         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13   HOPSCOTCH ADOPTIONS, INC.,              CASE NO. CV F 09-2101 LJO MJS
     et al.,
14                                            **ORDER ON DEFENDANT'S SPECIAL**
                     Plaintiffs,              **MOTION TO STRIKE**
15                                            (Doc. 89.)
          vs.
16
     VANESSA KACHADURIAN,
17
                     Defendant.
18   _____/

19                          **BACKGROUND**

20         Pro se defendant Vanessa Kachadurian ("Ms. Kachadurian") seeks to dismiss plaintiffs

21   Hopscotch Adoption, Inc. ("Hopscotch") and Robin Sizemore's ("Ms. Sizemore's") computer fraud,

22   defamation and related claims as barred under California's Strategic Lawsuit Against Public

23   Participation statute, California Code of Civil Procedure section 425.16 ("section 425.16"). Hopscotch

24   and Ms. Sizemore (collectively "plaintiffs") respond that Ms. Kachadurian's section 425.16 special

25   motion to strike is untimely, constitutes a premature summary judgment motion, and lacks factual basis.

26   This Court considered Ms. Kachadurian's section 425.16 special motion to strike on the record without

27   a hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court DENIES Ms.

28   Kachadurian's section 425.16 special motion to strike.

                                            1

## BACKGROUND

### The Parties

Hopscotch is a non-profit corporation and an accredited adoption agency which provides international adoption services for children in Armenia, Bulgaria, Georgia, Ghana, and the Ukraine. Ms. Sizemore co-founded Hopscotch in 2006 and serves as its Executive Director. Ms. Sizemore had been a contract worker for Carolina Adoption Services, Inc. ("CAS") for 11 years prior to founding Hopscotch. Since 2002, Ms. Sizemore has placed 80 Armenian children with American families to exceed placements by all other U.S. agencies.

Ms. Kachadurian is a Fresno resident who, according to plaintiffs, has sought unsuccessfully since at least 2004 "to adopt a child through various international adoption agencies" and "waged an ongoing cybersmear campaign against such agencies since at least 2005." Ms. Kachadurian has been neither a Hopscotch client nor an applicant with plaintiffs or an entity affiliated with Ms. Sizemore. Plaintiffs note that Ms. Kachadurian is of Armenian ancestry and disapproves of adoption of Armenian children by non-Armenians.

### Ms. Kachadurian's Alleged Statements

On December 2, 2009, plaintiffs filed their verified complaint ("complaint") to curtail Ms. Kachadurian's "unlawful statements about plaintiffs." The complaint alleges that since 2006, Mr. Kachadurian "repeatedly contacted current and prospective Hopscotch clients, via blog postings and direct email contact, and provided false and misleading information" about plaintiffs, including that:

1.  Plaintiffs "engage in illegal practices";

2.  Ms. Sizemore "was fired from her previous job with CAS";

3.  Her firing "was due to her engaging in such illegal or unethical practices"; and

4.  Ms. Sizemore's "conduct is somehow connected with the arrest of Hopscotch's in-country facilitator in the Georgian republic."

The complaint claims that Ms. Kachadurian's conduct has caused: (1) families seeking foreign adoptions to "terminate their contracts with Hopscotch" and "to withdraw adoption applications

/ / /

/ / /

previously submitted to Hopscotch"[1]; and (2) "some hesitance among potential adoptive parents in doing business with Hopscotch."  The complaint accuses Ms. Kachadurian of "[s]ingling out Plaintiffs for abuse because of Ms. Sizemore's ethnicity and religion."

**Plaintiffs' Claims**

The complaint alleges:

1.    A first claim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030, et seq., that on July 9, 2009, Ms. Kachadurian improperly accessed the *Armenian Weekly* blog to make a posting as a Hopscotch contractor that Hopscotch has sold "many babies out of Armenia" and that they "mostly adopt out sickly children from Armenia for a mere $26,600";

2.    A (second) defamation claim that Ms. Kachadurian made false and defamatory statements in that:

a.    "At no time has Hopscotch or Sizemore engaged in any illegal or unethical conduct with respect to the conduct of international adoptions";

b.    Ms. Sizemore "left CAS of her own will and accord and was not fired"; and

c.    Although the arrest of Hopscotch's Georgia facilitator was "politically motivated," "no formal charges were ever made and the allegations were dismissed by the United States embassy in Georgia which has continued to renew her multi-entry visa every year since then";

3.    A (third) negligent misrepresentation claim that Ms. Kachadurian has "failed to use reasonable care to determine the truth or falsity of statements" regarding plaintiffs;

4.    A (fourth) false light claim that "[b]y repeatedly mentioning the arrest of Hopscotch's Georgian facilitator in blog postings and emails," Ms. Kachadurian "clearly understood or acted in reckless disregard of the fact that such a pairing would paint Plaintiffs in a false light in a manner that would be highly prejudicial to Plaintiffs";

5.    A (fifth) tortious interference with contractual relations claim that Ms. Kachadurian

---

[1]    The complaint defines such withdrawn adoption applications as "Hopscotch Opportunities."

3

1    "purposefully contacted the Hopscotch Clients intending to causes [sic] such parties to

2    breach, reduce and/or terminate their relationship with Hopscotch"; and

3    6.    A (sixth) negligent interference with prospective advantage claim that Ms. Kachadurian

4    "knew of the relationships between Hopscotch and the Hopscotch Opportunities and

5    engaged in unlawful conduct intending to disrupt these relationships."[2]

6    The complaint seeks damages and injunctive relief to prevent "[p]osting further defamatory

7    statements" and "further annoyance or harassment."

8    **DISCUSSION**

9    **California's Anti-SLAPP Statute**

10   Ms. Kachadurian proceeds with a section 425.16 special motion to strike in that plaintiffs "can

11   provide no statement that was not true that Defendant made to the public, that was published, was evil

12   in nature and that caused Plaintiff any loss."

13   As California's anti-SLAPP statute, section 425.16 authorizes a "special motion to strike"

14   litigation designed to chill free speech:

15   (b)(1)  A cause of action against a person arising from any act of that person in
     furtherance of the person's right of petition or free speech under the United States or
16   California Constitution in connection with a public issue shall be subject to a special
     motion to strike, unless the court determines that the plaintiff has established that there
17   is a probability that the plaintiff will prevail on the claim.

18   An act in furtherance of a person's right of petition or free speech includes "any written or oral statement

19   or writing made in a place open to the public or a public forum in connection with an issue of public

20   interest" or "any other conduct in furtherance of the exercise of the constitutional right of petition or the

21   constitutional right of free speech in connection with a public issue or an issue of public interest."  Cal.

22   Code Civ. Proc., § 425.16(e)(3) and (4).

23   Section 425.16 is to be construed liberally.  Cal. Code Civ. Proc., § 425.16(a); *Kectchum v.*

24   *Moses*, 24 Cal.4th 1122, 1130, 104 Cal.Rptr.2d 337 (2001).

25   **Section 425.16's Application In Federal Courts**

26   The Ninth Circuit Court of Appeals has determined that section 425.16 applies in federal courts

27

28   [2]    Hopscotch only pursues the tortious interference with contractual relations and negligent interference with
     prospective advantage claims.

4

in the absence of "direct collision" between California's statutory scheme and F.R.Civ.P. 8, 12 and 56. *United States ex rel. Newsham v. Lockheed Missiles & Space Company, Inc.*, 190 F.3d 963, 972 (9th Cir. 1999). The "Anti-SLAPP statute and the Federal Rules do, in some respects, serve similar purposes, namely the expeditious weeding out of meritless claims before trial . . . . [T]here is no indication that Rules 8, 12, and 56 were intended to 'occupy the field' with respect to pretrial procedures aimed at weeding out meritless claims." *Newsham*, 190 F.3d at 972. "Although Rules 12 and 56 allow a litigant to test the opponent's claims before trial, California's 'special motion to strike' adds an additional, unique weapon to the arsenal, a weapon whose sting is enhanced by a[n] entitlement to fees and costs." *Newsham*, 190 F.3d at 973.

"Special procedural rules apply where an anti-SLAPP motion is brought in federal court." *Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F.Supp.2d 1172, 1180 (C.D. Cal. 2006). A section 425.16 special motion to strike may be based on a defect in a complaint, including legal deficiencies addressable on a motion to dismiss under F.R.Civ.P. 12(b)(6), or a failure to support a stated claim with evidence, analogous to a F.R.Civ.P. 56 summary judgment motion. *Condit v. National Enquirer, Inc.,* 248 F.Supp.2d 945, 952 (E.D. Cal. 2002). As a fellow district court has explained:

> § 425.16 applies in federal court. However, it cannot be used in a manner that conflicts with the Federal Rules. This results in the following outcome: If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies. If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies.

*Rogers v. Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 983 (C.D. Cal.1999).

Nonetheless, a section 425.16 special motion to strike does not apply to federal claims in federal court. "While the anti-SLAPP statute furthers 'important, substantive state interests,' . . . California has no interest in dictating rules of procedure or substance applicable to federal claims brought in federal court." *Bulletin Displays*, 448 F.Supp.2d at 1182 (finding section 425.16 "inapplicable" to RICO and Clayton Act claims); *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("the anti-SLAPP statute does not apply to federal law causes of action").

1    Ms. Kachadurian's section 425.16 special motion to strike is inapplicable to the complaint's

2    CFAA claim.  As such, this Court turns to whether plaintiffs' California tort claims are subject Ms.

3    Kachadurian's section 425.16 special motion to strike.

4                                    **Untimeliness Of Motion**

5        Plaintiffs initially attack Ms. Kachadurian's section 425.16 special motion to strike as untimely

6    under section 425.16(f) which provides: "The special motion may be filed within 60 days of the service

7    of the complaint or, in the court's discretion, at any later time upon terms it deems proper."

8        "The statute expressly provides that a late anti-SLAPP motion shall not be filed unless the court

9    affirmatively exercises discretion to permit it to be filed." *Olsen v. Harbison*, 134 Cal.App.4th 278, 286,

10   35 Cal.Rptr.3d 909, 916 (2005).  The California Court of Appeal has further explained that "a plaintiff

11   opposing a late anti-SLAPP motion need not demonstrate prejudice":

12            There are two potential purposes of the 60-day limitation. One is to require
         presentation and resolution of the anti-SLAPP claim at the outset of the litigation before
13       the parties have undertaken the expenses of litigation that begin to accrue after the
         pleading stage of the lawsuit. The other is to avoid tactical manipulation of the stays that
14       attend anti-SLAPP proceedings. The "prejudice" to the opponent pertinent to these
         purposes is that which attends having to suffer such expenses or be subjected to such a
15       stay.

16   *Olsen*, 134 Cal.App.4th at 287, 35 Cal.Rptr.3d at 916.

17       Despite Ms. Kachadurian's claims and vagaries, this Court has concluded that Ms. Kachadurian

18   was served with the complaint effectively in January 2010.  She delayed a year, until January 11, 2011,

19   to file untimely her section 425.16 special motion to strike.  This Court agrees with plaintiffs that Ms.

20   Kachadurian pursues her section 425.16 special motion to strike only "to facilitate delay."   Ms.

21   Kachadurian's motion is untimely to warrant its dismissal.  This Court admonishes Ms. Kachadurian

22   that although she proceeds pro se, this Court will not tolerate delay tactics and gamesmanship, such as

23   her clearly untimely section 425.16 special motion strike.

24                                    **Procedural Status**

25       Plaintiffs challenge Ms. Kachadurian's special motion to strike as a premature attempt at

26   summary judgment.

27       Ms. Kachadurian contends that plaintiffs "cannot establish that there is a probability" that

28   plaintiffs will prevail on their claims in the absence of "admissible evidence of anything other than

                                                  6

1    questionable petitioning activity."   Ms. Kachadurian notes that plaintiffs "have never identified

2    Defendant Kachadurian as the poster of the anonymous postings" and "fail to show a financial loss."

3    Ms. Kachadurian appears to claim that section 425.16 shields "anonymous message board posters" who

4    criticize public corporations on matters such as "questionable lawsuits brought by the corporation for

5    alleged defamatory statements."

6         If a defendant makes an anti-SLAPP motion based on the plaintiff's failure to submit evidence

7    to substantiate its claims, the motion is treated as a motion for summary judgment, and discovery "must

8    be 'developed sufficiently to permit summary judgment under Rule 56.'" *In re Bah*, 321 B.R. 41, 45,

9    n. 6 (9th Cir.BAP2005) (citing *Rogers v. Home Shopping Network*, 57 F.Supp.2d 973, 982 (C.D.

10   Cal.1999)).

11        Plaintiffs are correct that Ms. Kachadurian challenges plaintiffs' evidence, not proper pleading

12   of plaintiffs' claims.   Her motion is a premature attempt to reach the results of summary judgment,

13   especially given that discovery dates have not been set and plaintiffs' discovery and access to

14   information has been limited at best.   In essence, Ms. Kachadurian seeks to compel plaintiffs to defend

15   their claims without a chance to marshal supporting evidence.   Plaintiffs are correct that Ms.

16   Kachadurian misuses section 425.16 as a sword "to force Plaintiffs to prove their case." This Court will

17   not compel plaintiffs to prove their claims without the benefit of discovery.

18                                    **CONCLUSION AND ORDER**

19        Ms. Kachadurian's section 425.16 special motion to strike lacks merit and is consistent with her

20   attempts to delay this action and obstruct plaintiffs' pursuit of their claims.   This Court will not tolerate

21   such conduct and ADMONISHES Ms. Kachadurian to devote her efforts to defend the claims, to obey

22   the Federal Rules of Civil Procedure, this Court's Local Rules, and other applicable authorities, and to

23   abide by standards expected of litigants in federal court.   This Court FURTHER ADMONISHES Ms.

24   Kachadurian that this order will serve as a predicate to impose on her sanctions for her improper conduct

25   and such sanctions include monetary and/or other available sanctions to limit her defense of plaintiffs'

26   claims.

27   / / /

28   / / /

For the reasons discussed above, this Court:

1.    DENIES Ms. Kachadurian's section 425.16 special motion to strike;[3]

2.    ORDERS Ms. Kachadurian, no later than February 18, 2011, to file and serve an answer to plaintiffs' complaint; and

3.    ORDERS Ms. Kachadurian to file no further motions to dismiss plaintiffs' complaint. This Court will strike further motions to dismiss as unreasonable and vexatious multiplication of these proceedings.

IT IS SO ORDERED.

**Dated:    February 8, 2011**                      **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE

---

[3]       This Court's decision is firm.  This Court will not entertain a reconsideration or similar motion without legal prerequisites firmly established.

8