UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPSCOTCH ADOPTIONS, et al., | CASE NO.   1:09-cv-2101-LJO-MJS |
| Plaintiff, | ORDER NOTIFYING DEFENDANT THAT COMMUNICATIONS WITH THE COURT MUST BE ROUTED THROUGH THE CLERK'S OFFICE |
| v. | |
| VANESSA KACHADURIAN, | |
| Defendant. | CLERK TO DOCKET DEFENDANT'S FEBRUARY 17, 2011 EMAIL TO THE COURT |
| _____ / | |

On February 17, 2011, the Court received an email from Defendant Vanessa Kachadurian.  Such communication is improper.   If Defendant wishes to communicate with the Court, she **must** file her communication through the Clerk's office for filing on this case's docket. Defendant previously was warned against emailing the Court directly. (ECF No. 39.)  Failure to comply with this Order in the future will result in sanctions being imposed.

Moreover, both parties are reminded that all communication with the Court is subject to Federal Rule of Civil Procedure 11, which provides:

> (b) Representations to the Court.

> By presenting to the court pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b).

If either party violates Rule 11, the Court will not hesitate to impose sanctions. The Court will not permit personal attacks such as those that apparently have occurred in connection wiht this case in the past.

The email which prompted this Order seems to request that Defendant be excused from personally attending the March 3, 2011 Scheduling Conference. That request is DENIED. The Court hereby ORDERS both parties to appear personally before the Court for a Mandatory Initial Scheduling Conference on March 3, 2011 at 10:30 a.m. in Courtroom 6. Failure to appear would be a violation of a court order and result in sanctions. Further, the parties are reminded of their obligation to develop a Joint

Scheduling Conference Report and submit it to the Court at least seven days prior to the Scheduling Conference. The required contents of the Joint Scheduling Conference Report are outlined in the Court's initial case documents. (ECF No. 5.) The Clerk will serve another copy of the initial case documents on Defendant with this order.

In accordance with the above, the Court hereby ORDERS:

1. The Clerk shall file Defendant's February 17, 2011 email on the docket;

2. Unless otherwise ordered by the Court, any further communication from the parties must be filed on the docket through the Clerk's office;

3. The parties and/or their representatives shall personally appear before the Court for a Mandatory Scheduling Conference on March 3, 2011 at 10:30 a.m. in Courtroom 6;

4. The Clerk shall serve a copy of the initial case documents (ECF No. 5) on Defendant; and

5. The parties shall confer with each other to develop a Joint Scheduling Conference Report that complies with the Court's requirements as stated in the initial case documents.

IT IS SO ORDERED.

Dated:   February 17, 2011         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE