# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPSCOTCH ADOPTIONS, INC., et al., | CASE NO. 1:09-cv-2101-LJO-MJS |
| Plaintiff, | ORDER DISMISSING DEFENDANT'S COUNTER-CLAIMS WITHOUT PREJUDICE |
| v. | (ECF No. 102) |
| VANESSA KACHADURIAN, | |
| Defendant. | |

On February 18, 2011, Defendant Vanessa Kachadurian, proceeding pro se, filed her Answer to Plaintiffs' Complaint. (ECF No. 102.) In conjunction with her Answer, Defendant filed "Counterclaims" against Bennet Kelley, Plaintiff's counsel in this action, for violating the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*., defamation, negligent misrepresentation, and false light.[1]  (Id. at 13-27.)

Because Kelley is not a party named in the original Complaint, Kachadurian's claims

---

[1] Kachadurian's "Counterclaims" also name Robin Sizemore and Hopscotch Adoptions as Counter-Defendants. However, there are no factual allegations involving Hopscotch Adoptions and the only wrongdoing attributed to Sizemore is an allegedly defamatory letter sent to Armenian officials. Kachadurian fails to tie Sizemore's letter to any cause of action, fails to attribute any harm to Sizemore, and fails to seek relief from Sizemore. As such, the Court construes Kachadurian's "Counterclaims" as brought only against Kelley.

against him constitute a third-party complaint. See Fed. R. Civ. P. 14. Compare Fed. R. Civ. P. 13(a) (counterclaim is asserted again "an opposing party"). As such, the claims are governed by Federal Rule of Civil Procedure 14 which permits a defending party to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The Ninth Circuit has held that a third-party claim may be asserted only when:

> the third party's liability is in some way dependent on the outcome of the main claim and is secondarily or derivative thereto. . . . [The claim] cannot simply be an independent or related claim but must be based upon Plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199-200 (9th Cir. 1988) (internal citations omitted).

Kachadurian's claims against Kelley allege that he made defamatory comments about her on the internet and wrongfully used her image (along with the Court's seal) on his website. These new claims arise out of transactions which occurred well after the events at issue in the original Complaint; the new claims are not related to events described in the original Complaint.

As such, Kachadurian's "Counterclaims" violate Rule 14 and will be dismissed without prejudice. Kachadurian may bring her claims against Kelley in a separate action if she so chooses. However, the Court will not allow a new party and new issues to be brought into this case and unnecessarily cloud, confuse and delay this action.

Accordingly, the Court orders that the above-captioned action proceed on the December 2, 2009 Complaint filed by Hopscotch Adoptions, Inc. and Robin Sizemore against Vanessa Kachadurian. Bennet Kelley is not a party to this action. The already noticed scheduling conference will proceed on March 3, 2011 at 10:30 a.m. in Courtroom 6. As previously noted, failure of a party to appear at this conference would violate a court order and could result in sanctions, up to and including the striking of pleadings and other termination sanctions.

For the reasons stated, it is hereby ORDERED that Defendant Kachadurian's "Counterclaims" be DISMISSED WITHOUT PREJUDICE. This case shall proceed solely on claims asserted in the December 2, 2009 Complaint.

IT IS SO ORDERED.

Dated:   February 24, 2011            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE