UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPSCOTCH ADOPTIONS, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>VANESSA KACHADURIAN,<br><br>               Defendant.<br>                                                / | CASE NO.   1:09-cv-2101-MJS<br><br>ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT<br><br>(ECF No. 124) |

## I.   **INTRODUCTION; ISSUE**

Plaintiffs Hopscotch Adoptions and Robin Sizemore (collectively "Plaintiffs") initiated this action with a December 2, 2009, complaint against Defendant Vanessa Kachadurian asserting violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. §§ 1030 et seq., and state law causes of action for defamation, negligent misrepresentation, false light, tortious interference with contractual relations, and negligent interference with prospective business advantage. (Compl., ECF No. 1.) The claims arose out of allegedly false and inflammatory comments being made about Plaintiffs on various blogs and web sites. (Id.)

Now, some seventeen months into the case, Plaintiffs seek leave to file a First Amended Complaint which differs from the original in that it deletes the CFAA and negligent misrepresentation cause of action and purportedly "recasts" the facts asserted thereunder as new tortious interference with prospective advantage and invasion of privacy causes of action. Defendant has no objection to deletion of the two causes of action, but

1  does otherwise oppose the proposed amendment.

## II. LAW AND ANALYSIS

The law governing amendment is not in dispute.

Under Federal Rules of Civil Procedure, Rule 15(a)(2), where, as here, a party's time for amending a complaint as a matter of right has passed, the "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Bull v. City & County of San Francisco, 2010 U.S. Dist. LEXIS 93493 at *16-17 (N.D. Cal. Sept. 8, 2010). Indeed, since "... the underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities...[its] policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987) In deciding whether to grant leave, the court should consider the following factors: bad faith, undue delay, repeated failure to correct deficiencies by prior amendment, prejudice to the opposing party, and potential futility. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n.3 (9th Cir. 1987). Delay alone, without prejudice, bad faith or futility will not justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). The non-moving party bears the burden of showing why leave to amend should not be granted. Genetech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

Defendant argues, in essence, that: allowing the proposed amendment would permit Plaintiff to allege, improperly, either new facts which arose after the complaint was filed or pre-existing facts which could have, and should have, been alleged in the initial complaint; that Plaintiff has not shown reason for the delay in seeking leave to amend; and, that Defendant has been prejudiced by the delay. (Opp'n, ECF No. 129.)

A motion to amend is not the place to resolve factual disputes; Defendant's objections to the factual basis for the amendment and/or the timing of the events giving rise to the amendment will not be addressed here. The Court's review of the pleadings alone suggest that the original and proposed claims arise out of the same facts, events, and transactions.

Defendant's delay in seeking leave to amend is troubling and not well explained. Plaintiff attributes the delay to Defendant.[1] Without assessing blame, the Court sees no sign that anything of great value has been accomplished in this case since its initiation some seventeen months ago. It does not appear that discovery has begun in earnest, if at all. More than three months remain in which to conduct discovery into facts and allegations. That should be adequate. (If, despite diligence, it proves inadequate, the Court may entertain an appropriate motion to extend discovery.) The Court is unable to find that allowing the amendment would prejudice Defendant. Without prejudice, the Court is unwilling to find that the delay alone is sufficient to deny a motion to amend where the amendment appears to be based on the same set of facts, events and transactions giving rise to the original complaint.

### III.  ORDER

Accordingly, for the reasons set forth above, Plaintiff's Motion to File First Amended Complaint is GRANTED. Plaintiff's proposed Verified First Amended Complaint for Injunctive Relief and Damages (ECF. No. 124, Ex. A.) may be filed at this time. Defendant, if she wishes, may stand on her original answer to the First Amended Complaint; in she choses to do so, the new allegations in the First Amended Complaint will be deemed denied.

IT IS SO ORDERED.

Dated:   May 15, 2011             /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff does so in a manner the Court finds to be lacking in professionalism, counterproductive and unacceptable. (Reply, Section II.A, ECF No. 130.) The parties previously were admonished about such tactics. They **will not** be tolerated. The parties shall henceforth refrain from personal attacks or characterization of their opponents and their opponents' motives and tactics. The Court is capable of reaching its own conclusions as to the propriety of actions taken based on the objective facts presented; it does not need, and will not accept, a party's use of pejorative, or any, adverbs or adjectives to describe those actions.